AO 240 (1/94)

E-FILED
Friday, 12 January, 2007 03:23:31 PM
Clerk, U.S. District Court, ILCD

# United States District Court

**Central** DISTRICT OF **Illinois**

Antwon S. Hibbler
Plaintiff

V.

Roger Zimmerman
Defendant

APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER: 07-3009

I, **Antwon S. Hibbler**, declare that I am the (check appropriate box)

[X] petitioner/plaintiff/movant    [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:   [X] Yes    [ ] No    (If "No" go to Part 2)

   If "Yes" state the place of your incarceration **Western Correctional Center**

   Are you employed at the institution? **No**   Do you receive any payment from the institution? **Yes**

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?   [ ] Yes    [X] No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

   a. Business, profession or other self-employment    [ ] Yes  [ ] No
   b. Rent payments, interest or dividends              [ ] Yes  [ ] No
   c. Pensions, annuities or life insurance payments    [ ] Yes  [ ] No
   d. Disability or workers compensation payments       [ ] Yes  [ ] No
   e. Gifts or inheritances                             [ ] Yes  [ ] No
   f. Any other sources                                 [ ] Yes  [ ] No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

4. Do you have any cash or checking or savings accounts?   ☐ Yes   ☒ No

   If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or c valuable property?   ☐ Yes   ☒ No

   If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indi how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

1-3-07                     Antum S. Wibbler
_____                 _____
DATE                       SIGNATURE OF APPLICANT

## CERTIFICATE

(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $ -27.65 on account to his/he credit at (name of institution) Western ILL CC . I further certif that the applicant has the following securities to his/her credit: Not known

_____ . I further certify that during the past six months the applicant':

average balance was $ n/a .

1/4/07                     [signature]
_____                 _____
DATE                       SIGNATURE OF AUTHORIZED OFFICER

Date: 1/4/2007
Time: 1:16pm
d_list_inmate_trans_statement_composite

# Western Illinois Correctional Center
## Trust Fund
### Inmate Transaction Statement

Page 1

REPORT CRITERIA - Date: 06/01/2006 thru End;   Inmate: B45991;   Active Status Only ? : No;   Print Restrictions ? : Yes;
Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate: B45991 Hibbler, Antwon**                    **Housing Unit: WIL-03-D -13**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Beginning Balance: | | 0.01 |
| 06/09/06 | Payroll | 20 Payroll Adjustment | 160133 | | P/R month of 05/2006 | 11.52 | 11.53 |
| 06/13/06 | Point of Sale | 60 Commissary | 164751 | 494756 | Commissary | -10.79 | .74 |
| 06/16/06 | Disbursements | 84 Library | 167333 | Chk #78446 | 7555, DOC: Library Copies, Inv. Date: 06/08/2006 | -.05 | .69 |
| 06/16/06 | Disbursements | 84 Library | 167333 | Chk #78446 | 7613, DOC: Library Copies, Inv. Date: 06/13/2006 | -.20 | .49 |
| 06/16/06 | Disbursements | 81 Legal Postage | 167333 | Chk #78457 | 7499, DOC: 523 Fund Inmate Rei, Inv. Date: 06/05/2006 | -.39 | .10 |
| 07/12/06 | Payroll | 20 Payroll Adjustment | 193133 | | P/R month of 06/2006 | 10.80 | 10.90 |
| 07/13/06 | Point of Sale | 60 Commissary | 194751 | 498021 | Commissary | -7.67 | 3.23 |
| 07/21/06 | Disbursements | 84 Library | 202333 | Chk #78798 | 7712, DOC: Library Copies, Inv. Date: 06/20/2006 | -.65 | 2.58 |
| 07/21/06 | Disbursements | 84 Library | 202333 | Chk #78798 | 7761, DOC: Library Copies, Inv. Date: 06/23/2006 | -.20 | 2.38 |
| 07/21/06 | Disbursements | 81 Legal Postage | 202333 | Chk #78808 | 7755, DOC: 523 Fund Reimbursem, Inv. Date: 06/26/2006 | -.39 | 1.99 |
| 07/21/06 | Disbursements | 81 Legal Postage | 202333 | Chk #78808 | 7994, DOC: 523 Fund Reimbursem, Inv. Date: 07/17/2006 | -.39 | 1.60 |
| 07/21/06 | Disbursements | 81 Legal Postage | 202333 | Chk #78808 | 7715, DOC: 523 Fund Reimbursem, Inv. Date: 06/20/2006 | -.39 | 1.21 |
| 07/21/06 | Disbursements | 81 Legal Postage | 202333 | Chk #78808 | 7672, DOC: 523 Fund Reimbursem, Inv. Date: 06/19/2006 | -1.17 | .04 |
| 07/21/06 | Disbursements | 81 Legal Postage | 202333 | Chk #78808 | 7891, DOC: 523 Fund Reimbursem, Inv. Date: 07/07/2006 | -.02 | .02 |
| 07/21/06 | Payroll | 20 Payroll Adjustment | 202133 | | May 2006 Payroll | .60 | .62 |
| 08/11/06 | Payroll | 20 Payroll Adjustment | 223133 | | P/R month of 07/2006 | 15.00 | 15.62 |
| 08/23/06 | Disbursements | 84 Library | 235333 | Chk #79062 | 8200, DOC: Library Copies, Inv. Date: 08/04/2006 | -.05 | 15.57 |
| 08/23/06 | Disbursements | 84 Library | 235333 | Chk #79062 | 8201, DOC: Library Copies, Inv. Date: 08/04/2006 | -.50 | 15.07 |
| 08/23/06 | Disbursements | 84 Library | 235333 | Chk #79062 | 8201, DOC: Library Copies, Inv. Date: 08/04/2006 | -.05 | 15.02 |
| 08/23/06 | Disbursements | 84 Library | 235333 | Chk #79062 | 8106, DOC: Library Copies, Inv. Date: 07/28/2006 | -4.60 | 10.42 |
| 08/23/06 | Disbursements | 81 Legal Postage | 235333 | Chk #79071 | 8045, DOC: 523 Fund Inmate Rei, Inv. Date: 07/20/2006 | -1.83 | 8.59 |
| 08/23/06 | Disbursements | 81 Legal Postage | 235333 | Chk #79071 | 8167, DOC: 523 Fund Inmate Rei, Inv. Date: 07/31/2006 | -1.41 | 7.18 |
| 08/23/06 | Disbursements | 81 Legal Postage | 235333 | Chk #79071 | 8167, DOC: 523 Fund Inmate Rei, Inv. Date: 07/31/2006 | -1.17 | 6.01 |
| 08/23/06 | Disbursements | 81 Legal Postage | 235333 | Chk #79071 | 8100, DOC: 523 Fund Inmate Rei, Inv. Date: 07/27/2006 | -3.78 | 2.23 |
| 08/23/06 | Disbursements | 81 Legal Postage | 235333 | Chk #79071 | 8045, DOC: 523 Fund Inmate Rei, Inv. Date: 07/20/2006 | -.63 | 1.60 |
| 08/23/06 | Disbursements | 90 Medical Co-Pay | 235333 | Chk #79071 | 8058, DOC: 523 Fund Inmate Rei, Inv. Date: 07/21/2006 | -.25 | 1.35 |
| 08/23/06 | Disbursements | 90 Medical Co-Pay | 235333 | Chk #79071 | 7964, DOC: 523 Fund Inmate Rei, Inv. Date: 07/13/2006 | -1.35 | -.00 |
| 09/15/06 | Payroll | 20 Payroll Adjustment | 258133 | | P/R month of 08/2006 | 15.00 | 15.00 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8212, DOC: Library Copies, Inv. Date: 08/07/2006 | -.20 | 14.80 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8207, DOC: Library Copies, Inv. Date: 08/04/2006 | -1.50 | 13.30 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8499, DOC: Library Copies, Inv. Date: 09/06/2006 | -.80 | 12.50 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date: | 1/4/2007 | | | **Western Illinois Correctional Center** | | | Page 2 |
| Time: | 1:16pm | | | **Trust Fund** | | | |
| d_list_inmate_trans_statement_composite | | | | Inmate Transaction Statement | | | |

REPORT CRITERIA - Date: 06/01/2006 thru End;   Inmate: B45991;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate: B45991 Hibbler, Antwon**                **Housing Unit: WIL-03-D -13**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8379, DOC: Library Copies, Inv. Date: 08/25/2006 | -.35 | 12.15 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8387, DOC: Library Copies, Inv. Date: 09/05/2006 | -.75 | 11.40 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8233, DOC: Library Copies, Inv. Date: 08/10/2006 | -1.60 | 9.80 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79361 | 8329, DOC: Library Copies, Inv. Date: 08/22/2006 | -.25 | 9.55 |
| 09/19/06 | Disbursements | 81 Legal Postage | 262333 | Chk #79370 | 8479, DOC: 523 Fund Reimbursem, Inv. Date: 08/31/2006 | -1.11 | 8.44 |
| 09/19/06 | Disbursements | 81 Legal Postage | 262333 | Chk #79370 | 8262, DOC: 523 Fund Reimbursem, Inv. Date: 08/17/2006 | -.78 | 7.66 |
| 09/19/06 | Disbursements | 84 Library | 262333 | Chk #79370 | 8181, DOC: 523 Fund Reimbursem, Inv. Date: 08/02/2006 | -1.00 | 6.66 |
| 09/19/06 | Disbursements | 90 Medical Co-Pay | 262333 | Chk #79370 | 8225, DOC: 523 Fund Reimbursem, Inv. Date: 08/09/2006 | -1.45 | 5.21 |
| 09/19/06 | Disbursements | 81 Legal Postage | 262333 | Chk #79370 | 8218, DOC: 523 Fund Reimbursem, Inv. Date: 08/08/2006 | -.39 | 4.82 |
| 09/19/06 | Disbursements | 81 Legal Postage | 262333 | Chk #79370 | 8479, DOC: 523 Fund Reimbursem, Inv. Date: 08/31/2006 | -.39 | 4.43 |
| 09/19/06 | Disbursements | 81 Legal Postage | 262333 | Chk #79370 | 8208, DOC: 523 Fund Reimbursem, Inv. Date: 08/04/2006 | -.87 | 3.56 |
| 09/19/06 | Disbursements | 90 Medical Co-Pay | 262333 | Chk #79370 | 8266, DOC: 523 Fund Reimbursem, Inv. Date: 08/17/2006 | -.25 | 3.31 |
| 10/13/06 | Payroll | 20 Payroll Adjustment | 286133 | | P/R month of 09/2006 | 10.25 | 13.56 |
| 10/16/06 | Disbursements | 84 Library | 289333 | Chk #79553 | 8741, Dept Of Corrections-Libr, Inv. Date: 09/26/2006 | -.30 | 13.26 |
| 10/16/06 | Disbursements | 81 Legal Postage | 289333 | Chk #79564 | 8787, DOC: 523 Fund Reimbursem, Inv. Date: 10/02/2006 | -3.72 | 9.54 |
| 10/16/06 | Disbursements | 81 Legal Postage | 289333 | Chk #79564 | 8835, DOC: 523 Fund Reimbursem, Inv. Date: 10/12/2006 | -1.11 | 8.43 |
| 10/16/06 | Disbursements | 81 Legal Postage | 289333 | Chk #79564 | 8334, DOC: 523 Fund Reimbursem, Inv. Date: 08/23/2006 | -7.31 | 1.12 |
| 10/16/06 | Disbursements | 81 Legal Postage | 289333 | Chk #79564 | 8707, DOC: 523 Fund Reimbursem, Inv. Date: 09/25/2006 | -.52 | .60 |
| 11/09/06 | Payroll | 20 Payroll Adjustment | 313133 | | P/R month of 10/2006 | 5.10 | 5.70 |
| 11/16/06 | Disbursements | 84 Library | 320333 | Chk #79848 | 8993, DOC: Library Copies, Inv. Date: 10/30/2006 | -.45 | 5.25 |
| 11/16/06 | Disbursements | 84 Library | 320333 | Chk #79848 | 9082, DOC: Library Copies, Inv. Date: 11/03/2006 | -.60 | 4.65 |
| 11/17/06 | Disbursements | 81 Legal Postage | 321333 | Chk #79859 | 9157, DOC: 523 Fund Reimbursem, Inv. Date: 11/15/2006 | -.63 | 4.02 |
| 11/17/06 | Disbursements | 81 Legal Postage | 321333 | Chk #79859 | 9156, DOC: 523 Fund Reimbursem, Inv. Date: 11/15/2006 | -.78 | 3.24 |
| 11/17/06 | Disbursements | 81 Legal Postage | 321333 | Chk #79859 | 9071, DOC: 523 Fund Reimbursem, Inv. Date: 11/02/2006 | -.63 | 2.61 |
| 12/08/06 | Payroll | 20 Payroll Adjustment | 342133 | | P/R month of 11/2006 | 3.74 | 6.35 |
| 12/18/06 | Disbursements | 84 Library | 352333 | Chk #80118 | 9336, DOC: Library Copies, Inv. Date: 12/04/2006 | -.25 | 6.10 |
| 12/18/06 | Disbursements | 84 Library | 352333 | Chk #80118 | 9270, DOC: Library Copies, Inv. Date: 11/27/2006 | -1.05 | 5.05 |
| 12/19/06 | Disbursements | 81 Legal Postage | 353333 | Chk #80124 | 9392, DOC: 523 Fund Reimbursem, Inv. Date: 12/08/2006 | -.39 | 4.66 |
| 12/19/06 | Disbursements | 81 Legal Postage | 353333 | Chk #80124 | 9451, DOC: 523 Fund Reimbursem, Inv. Date: 12/13/2006 | -.39 | 4.27 |

## Western Illinois Correctional Center
## Trust Fund
### Inmate Transaction Statement

REPORT CRITERIA - Date: 06/01/2006 thru End;    Inmate: B45991;    Active Status Only ? : No;    Print Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: B45991 Hibbler, Antwon**     **Housing Unit: WIL-03-D -13**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 12/19/06 | Disbursements | 81 Legal Postage | 353333 | Chk #80124 | 9278, DOC: 523 Fund Reimbursem, Inv. Date: 11/28/2006 | -.39 | 3.88 |
| 12/19/06 | Disbursements | 81 Legal Postage | 353333 | Chk #80124 | 9278, DOC: 523 Fund Reimbursem, Inv. Date: 11/28/2006 | -.39 | 3.49 |

|  |  |
|---|---|
| Total Inmate Funds: | 3.49 |
| Less Funds Held For Orders: | .00 |
| Less Funds Restricted: | 31.14 |
| Funds Available: | -27.65 |
| Total Furloughs: | .00 |
| Total Voluntary Restitutions: | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 08/25/2006 | 8379 | Disb | Library | 2 DOC: 523 Fund Library | $14.35 |
| 12/13/2006 | 9451 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $5.64 |
| 12/14/2006 | 9457 | Disb | legal copies | 2 DOC: 523 Fund Library | $6.10 |
| 12/27/2006 | 9621 | Disb | copies | 2 DOC: 523 Fund Library | $0.15 |
| 01/03/2007 | 9686 | Disb | Medical Co-Pay | 99999 DOC: 523 Fund Inmate Reimburseme | $1.45 |
| 01/04/2007 | 9710 | Disb | Library | 2 DOC: 523 Fund Library | $1.05 |
| 01/04/2007 | 9712 | Disb | Library | 2 DOC: 523 Fund Library | $2.40 |
|  |  |  |  | **Total Restrictions:** | **$31.14** |

2 - D - 12

DC 1328

## REVOCATION OF GOOD CONDUCT CREDITS WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW

NAME Hibbler, Antwon   NUMBER B45991   DATE 9-25-06

**(STEP 1)**

Yr. Mo. Day

3

(Good Conduct Credits Revoked From Sentence By Director On 9-21-06

**(STEP 2)** (MITTIMUS NUMBER 2004CF1537)

PROJECTED OUT DATE

```
      Yr.  Mo. Day
     2004   8   15   (Custody Date)
   +    5              (Sentence Less G.C.C.)
     2009   8   15   (Projected Out Date or
                      PRB Projected Out Date)
   +or-                (Previous Time - Lost/Awarded)
     2009   8   15   (Projected Out Date)   3 mo Rev
   +        3          (Present Revocation)
     2009  11   15   (Adjusted Projected Out Date)
```

Adj. Proj. Out Date  11-15-09      Terminal Operator _____
Calculated By  Cm                  Date Entered _____

DC 1328 (Rev.10/96)
IL426-00528

RECEIVED
OCT 13 2006
OFFICE OF
INMATE ISSUES

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Central District of Illinois |
|---|---|

| Name: Antwon S. Hibbler | Prisoner No. B45991 | Case No. |
|---|---|---|

Place of Confinement: Western Illinois Correctional Center

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Antwon S. Hibbler | Warden Roger Zimmerman |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Disciplinary Actions by the Adjustment Committee.

2. Date of judgment of conviction: August 8, 2006 (see petitioners exhibit A)

3. Length of sentence: 90 days revocation of goodtime.

4. Nature of offense involved (all counts): 212- Frivolous Lawsuit

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   ☒ others Adjustment Committee.
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  The Grievance Office

   (b) Result  Denied

   (c) Date of result and citation, if known  August 31, 2006

   (d) Grounds raised  That the petition that was filed was not a lawsuit and that my goodtime should be restored.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court  Administrative Review Board

   (2) Result  Refused To Hear

   (3) Date of result and citation, if known  October 31, 2006

   (4) Grounds raised  That goodtime should be restored because I didn't file a lawsuit.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court  Director Of The Illinois Department Of Correction

   (2) Result  Refused To Hear

   (3) Date of result and citation, if known  October 31, 2006

   (4) Grounds raised  That goodtime should be restored because I didn't file a lawsuit.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  _____

    (2) Nature of proceeding  _____

    (3) Grounds raised  _____

(3)

_____
_____
_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☒

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____
_____

    (3) Grounds raised _____
_____
_____
_____
_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☒

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.          Yes ☒      No ☐
    (2) Second petition, etc.        Yes ☐      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    <u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: **Official Misconduct / Due Process Violation of the Fourteenth Amendment of U.S. Constitution**

Supporting FACTS (state *briefly* without citing cases or law) On July 31, 2006 petitioner received a disciplinary report for 212 Frivolous Lawsuit in violation of 730 ILCS 5/3-6-3(d) of the administrative code. Under that statue a 735 ILCS 5/1401 (Petition For Post-Judgement relief) is not a lawsuit.

B. Ground two: **Due Process Violation of The Fourteenth Amendment of U.S. Constitution**

Supporting FACTS (state *briefly* without citing cases or law) On August 8, 2006 petitioner heard the disciplinary report and was found guilty without given the opportunity to present evidence on his behalf. There was no evidence to support the adjustment committee fact findings only the disciplinary report itself was used to find guilty.

(5)

  C.  Ground three: _____

_____

    Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

  D.  Ground four: _____

_____

    Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
  Yes ☐  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

  (a)  At preliminary hearing _____

_____

  (b)  At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post–conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
   Yes ☐       No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐       No ☐
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   (b) Give date and length of the above sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐       No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

*Antwon S. Bibbler*
Signature of Petitioner

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page _1_ of _1_

☐ ciplinary Report  07/31/2006    ☐ Investigative Report _____
                    Date                                    Date

mitted Person: Hibbler, Antwon    No. B45991    Facility: Western Illinois C.C.

servation Date: 07/31/2006    Time: 11:30  ☒ am  ☐ pm   Location: Wicc

_/O Jennings #10124_            _[signature]_            07/31/06  12:10  ☐ am ☒ pm
PRINT Employee's Name           Employee's Signature     Date     Time

Offense: 504  ☒ A   212 Frivolous Lawsuit
              ☐ B
              ☐ C

Observation: On the above date and approximate time, Western Illinois Correctional Center was made aware that I/M Hibbler, Antwon B45991 was found to have filed a lawsuit, Case No. 2004-CF-1537, which was deemed frivolous, in accordance with 730 ILCS 5/3-6-3(d). The judgement was made in the Circuit Court of the Sixth Judicial Circuit in Champaign County, Illinois, by Presiding Judge Thomas J. Difanis. Judges' 7-24-06 orders were as follolws: Defendant's "5/2-1401 petition is frivolous and patently without merit and is therefore ordered dismissed." I/M was positively identified by name and IDOC number on the order. See attachment. D.C. 434 also written.

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement    ☐ Investigative Status
Reasons: _____

_____    _____
PRINT Name                   Shift Supervisor's Signature    Date
                             (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

PRINT Name                                    Signature                      Date
☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
_M[illegible] S YL_                           _[signature]_  7/31/06
PRINT Name                                    Reviewing Officer's Signature   Date

☐ Reviewed by Hearing Investigator: _____
   (Adult Division Major Reports Only)   PRINT Name        Signature         Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

                                                    Committed Person Refused to Sign ☒
_____       _____
Committed Person's Signature          Number
_C/o Cooper_                    _C/o [illegible]_         7-31-06  9:00  ☐ am ☒ pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date    Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                              _____        _____
                              Committed Person's Signature        Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                                                          Date

NAME OF WITNESS: _____         Number/Cell/Title: _____
Witness can testify to: _____

NAME OF WITNESS: _____         Number/Cell/Title: _____
Witness can testify to: _____

_____                              _____
Committed Person's Name                                      Number

DC 7205 (Rev. 5/00)   Distribution:  1) Master File;  2) Committed Person
IL 426—361                           3) Facility;    4) Facility

RECEIVED
OCT 13 2006
OFFICE OF
INMATE ISSUES

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| Name: HIBBLER, ANTWON | IDOC Number: B45991 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 8/8/2006 09:35 AM | Living Unit: WIL-02-D-12 | Orientation Status: N/A |
| Incident Number: 200602215/1 - WIL | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/31/2006 | 200602215/1-WIL | JENNINGS, JOSEPH D | INTERNAL AFFAIRS | 11:30 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 212 | Frivolous Lawsuit | Guilty |
| | Comments: lawsuit had no merit | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

No Witness Requested

### RECORD OF PROCEEDINGS
DR504 CHARGES READ I/M PLEAD NOT GUILTY STATES THAT I DIDN'T FILE A LAWSUIT. OFFENDER ALSO GAVE A WRITTEN STATEMENT AT THE TIME OF THE HEARING.

### BASIS FOR DECISION
I/M WAS ID BY HIS IDOC CARD.
WRITING STAFF REPORT REFLECTS THAT OFFENDER HIBBLER B45991 HAS BEEN CHARGED WITH A FRIVOLOUS LAWSUIT ACCORDING TO PRESIDING JUDGE THOMAS J. DIFANIS CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN CHAMPAIGN COUNTY ILLINOIS DATED 7-24-06 DEFENDANT'S *5/2-1401 PETITION IS FRIVOLOUS AND PATENTLY WITHOUT MERIT AND THEREFORE ORDERED DISMISSED.
I/A TESTIFIED BEFORE THIS COMMITTEE TO THE TRUTHFULNESS OF THIS REPORT AS WRITTEN.

### DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |

**Basis for Discipline:** NATURE OF OFFENSE.

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| ASHBY, FORREST J - Chair Person | | 08/08/06 | BLK |
| DAVIS, RICHARD K | | 08/08/06 | WHI |

Recommended Action Approved

### Final Comments: N/A

---

ROGER A ZIMMERMAN / RAZ  8/10/2006                       08/10/06
Chief Administrative Officer                             Signature            Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F

_____                                8/15/6  3p
Employee Serving Copy to Committed Person                When Served -- Date and Time

Run Date: 8/11/2006 08:15:46           Page 1 of 1

*Handwritten: re-written copy exhibit A-2*

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HIBBLER, ANTWON  **IDOC Number:** B45991  **Race:** BLK
**Hearing Date/Time:** 8/8/2006  09:35 AM  **Living Unit:** WIL-S-01-28  **Orientation Status:** N/A
**Incident Number:** 200602215/2 - WIL  **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/31/2006 | 200602215/1-WIL | JENNINGS, JOSEPH D | INTERNAL AFFAIRS | 11:30 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 212 | Frivolous Lawsuit | Guilty |
|  | Comments: lawsuit had no merit |  |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

No Witness Requested

### RECORD OF PROCEEDINGS
DR504 CHARGES READ I/M PLEAD NOT GUILTY STATES THAT I DIDN'T FILE A LAWSUIT. OFFENDER ALSO GAVE A WRITTEN STATEMENT AT THE TIME OF THE HEARING.

### BASIS FOR DECISION
I/M WAS IDENTIFIED BY NAME AND ID NUMBER ON THE COURT ORDER.
WRITING STAFF REPORT REFLECTS THAT OFFENDER HIBBLER B45991 HAS BEEN CHARGED WITH A FRIVOLOUS LAWSUIT ACCORDING TO PRESIDING JUDGE THOMAS J. DIFANIS CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN CHAMPAIGN COUNTY ILLINOIS DATED 7-24-06 DEFENDANT'S "5/2-1401 PETITION IS FRIVOLOUS AND PATENTLY WITHOUT MERIT AND THEREFORE ORDERED DISMISSED.
I/A TESTIFIED BEFORE THIS COMMITTEE TO THE TRUTHFULNESS OF THIS REPORT AS WRITTEN.

### DISCIPLINARY ACTION (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |

**Basis for Discipline:** SERIOUSNESS OF OFFENSE

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| ASHBY, FORREST J - Chair Person | *[signed]* | 08/08/06 | BLK |
| DAVIS, RICHARD K | *[signed]* | 08/08/06 | WHI |

Recommended Action Approved

**Final Comments:** N/A

ROGER A ZIMMERMAN / RAZ  10/6/2006      *[signed]*   10/06/06
**Chief Administrative Officer**              Signature    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*[signed]*                                    10/10/6  3p
**Employee Serving Copy to Committed Person**   **When Served -- Date and Time**

Run Date: 10/6/2006 13:47:38        Page 1 of 1

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

06-0607  exizbit B

| Date: 8-27-06 | Offender: (Please Print) Antwon Hibbler | ID#: B45991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

[x] Disciplinary Report: 7/31/06
Date of Report                  Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 8-8-06 grievant heard before the adjustment Committee a ticket for violation of rule 212-Frivous lawsuit and the grievant was found guilty. By entitlement the grievant is to have his good conduct credit given back as a matter of law where a 5/2 1401 motion is not included under 730 ILCS 5/3-6-3 and a lawsuit and therefore the state has no statutory authority to revoke the 6 months by law. end-of-Report

**Relief Requested:** To have the good time restored and to have that ticket exspunged from my record.                See Attactched papers.

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Antwon Hibblee     B45991     8, 27, 06
Offender's Signature     ID#     Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: __/__/__
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

RECEIVED AUG 31 2006 WESTERN ILLINOIS C.C. GRIEVANCE OFFICER

Print / Counselor's Signature / Date of Response

**EMERGENCY REVIEW**

Date Received: __/__/__  Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev.)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

**Date Received:** August 31, 2006  **Date of Review:** September 11, 2006  **Grievance #** (optional): 06-0607

**Offender:** Hibbler, Antwon  **ID#:** B45991

**Nature of Grievance:** Major IDR/Disciplinary Report

**Facts Reviewed:** Offender Hibbler states he heard a ticket before the Adjustment Committee for violation of Frivolous lawsuit. He claims a 5/2 1401 motion is not included under 730ILCS 5/3-6-3 and a lawsuit, therefore the state has no statutory authority to revoke the 6 months by law. He wants his good time restored and IDR expunged.

Major IDR dated 7/31/06 written by C/O Jennings charging grievant with #212 noting Western Illinois Correctional Center was made aware that Inmate Hibbler, Antwon was found to have filed a lawsuit, Case No. 2004-CF-1537, which was deemed frivolous, in accordance with 730 ILCS 5/3-6-3(d). The judgment was made in the Circuit Court of the Sixth Judicial Circuit in Champaign County, Illinois, by Presiding Judge Thomas J. Difanis. Judges' 7-24-06 orders were as follows: Defendant's "5/2-1401 petition is frivolous and patently without merit and is therefore ordered dismissed." Inmate was positively identified by name and IDOC number on the order. See attachment.

Adjustment Committee Summary dated 8/8/06 noting offender plea of not guilty stating, "I didn't file a lawsuit. Offender also gave a written statement at the time of the hearing."

Committee recommendation of guilty based upon offender was ID by his IDOC card and written report of C/O Jennings.

CAO approved revoke 6 months GCC or SGT.

**Recommendation:** Based upon a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR 504, this Grievance Officer recommends that the offender's grievance be partially upheld and the Adjustment Committee Summary be re-written to reflect to rationales for a finding of guilt. IDR does not state offender was identified by his IDOC ID card.

Sue Redshaw
Print Grievance Officer's Name         Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** 9-11-06   ☑ I concur   ☐ I do not concur   ☐ Remand

**Comments:**

Chief Administrative Officer's Signature         9-13-06 Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Antwon Hibbler         B45991         9-16-06
Offender's Signature       ID#           Date

cc: Adjustment Committee
Record Office

Distribution: Master File; Offender; AW Programs         DOC 0047 (Rev. 3/2005)
Printed on Recycled Paper

year for any prisoner or to increase any penalty beyond the length requested by the Department.

The Director of the Department of Corrections, in appropriate cases, may restore up to 30 days good conduct credits which have been revoked, suspended or reduced. Any restoration of good conduct credits in excess of 30 days shall be subject to review by the Prisoner Review Board. However, the Board may not restore good conduct credit in excess of the amount requested by the Director.

Nothing contained in this Section shall prohibit the Prisoner Review Board from ordering, pursuant to Section 3-3-9(a)(3)(i)(B), that a prisoner serve up to one year of the sentence imposed by the court that was not served due to the accumulation of good conduct credit.

(d) If a lawsuit is filed by a prisoner in an Illinois or federal court against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code. If the prisoner has not accumulated 180 days of good conduct credit at the time of the finding, then the Prisoner Review Board may revoke all good conduct credit accumulated by the prisoner.

For purposes of this subsection (d):

(1) "Frivolous" means that a pleading, motion, or other filing which purports to be a legal document filed by a prisoner in his or her lawsuit meets any or all of the following criteria:

(A) it lacks an arguable basis either in law or in fact;

(B) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(C) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(D) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or

(E) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief.

(2) "Lawsuit" means a petition for post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, a motion pursuant to Section 116-3 of the Code of Criminal Procedure of 1963, a habeas corpus action under Article X of the Code of Civil Procedure or under federal law (28 U.S.C. 2254), a petition for claim under the Court of Claims Act, or an action under the federal Civil Rights Act (42 U.S.C. 1983).

(e) Nothing in Public Act 90-592 or 90-593 affects the validity of Public Act 89-404.

P.A. 77-2097, § 3-6-3, eff. Jan. 1, 1973. Amended by P.A. 79-799, § 1, eff. Oct. 1, 1975; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 82-717, § 2, eff. July 1, 1982; P.A. 83-621, § 1, eff. Sept. 19, 1983; P.A. 83-1073, § 26, eff. July 1, 1984; P.A. 83-1362, Art. II, § 48, eff. Sept. 11, 1984; P.A. 86-1090, § 1, eff. July 13, 1990; P.A. 86-1373, § 1, eff. Sept. 10, 1990; P.A. 87-435, Art. 2, § 2-10, eff. Sept. 10, 1991; P.A. 88-311, § 15, eff. Aug. 11, 1993; P.A. 88-402, § 10, eff. Aug. 20, 1993; P.A. 88-670, Art. 2, § 2-66, eff. Dec. 2, 1994; P.A. 89-404, § 40, eff. Aug. 20, 1995; P.A. 89-428, Art. 2, § 280, eff. Dec. 13, 1995; P.A. 89-462, Art. 2, § 280, eff. May 29, 1996; P.A. 89-656, § 15, eff. Jan. 1, 1997; P.A. 90-141, § 7, eff. Jan. 1, 1998; P.A. 90-505, § 20, eff. Aug. 19, 1997; P.A. 90-592, § 5, eff. June 19, 1998; P.A. 90-593, § 40, eff. June 19, 1998; P.A. 90-655, § 163, eff. July 30, 1998; P.A. 90-740, § 5, eff. Jan. 1, 1999; P.A. 91-121, § 10, eff. July 15, 1999; P.A. 91-357, § 247, eff. July 29, 1999; P.A. 92-176, § 5, eff. July 27, 2001; P.A. 92-854, § 25, eff. Dec. 5, 2002; P.A. 93-213, § 10, eff. July 18, 2003; P.A. 93-354, § 5, eff. Sept. 1, 2003; P.A. 94-71, § 5, eff. June 23, 2005; P.A. 94-128, § 5, eff. July 7, 2005; P.A. 94-156, § 5, eff. July 8, 2005; P.A. 94-398, § 10, eff. Aug. 2, 2005; P.A. 94-491, § 5, eff. Aug. 8, 2005.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-6-3.

[1] 720 ILCS 5/9-3.
[2] 625 ILCS 5/11-501.
[3] 735 ILCS 5/10-101 et seq.
[4] 705 ILCS 505/1 et seq.

### Validity

Provisions added by P.A. 88-311 to this section have been held unconstitutional by the Illinois Supreme Court in the case of Barger v. Peters, 163 Ill.2d 357, 645 N.E.2d 175, 206 Ill.Dec. 170 (1994).

Public Act 89-404, which amended this section, has been held unconstitutional in its entirety for violating the single-subject rule of the state Constitution by the Supreme Court of Illinois in the case of People v. Reedy, 1999, 186 Ill.2d 1, 237 Ill.Dec. 74, 708 N.E.2d 1114, rehearing denied. P.A. 89-462, P.A. 90-592, and P.A. 90-593 reenacted the truth-in-sentencing provisions.

P.A. 94-71, § 5, rewrote the introductory paragraph of subd. (a)(2); added subd. (a)(2)(iv); in subd. (a)(2.1), inserted "(i), (ii), or (iii)" and "or subdivision (a)(2)(iv) committed on or after the effective date of this amendatory Act of the 94th General Assembly"; in subd. (a)(2.4), inserted "July 15, 1999 (", and substituted "Public Act 91-121)" for "this amendatory Act of 1999"; in subd. (a)(2.5), inserted "July 27, 2001", and substituted "Public Act 92-176)" for "this amendatory Act of the 92nd General Assembly"; in subd. (a)(3), inserted "(i), (ii), or (iii)" following "(a)(2)"; inserted "or subdivision (a)(2)(iv) when the offense is committed on or after the effective date of this amendatory Act of the 94th General Assembly"; inserted "July 15, 1999" and "July 27, 2001"; substituted "Public Act 91-121)" for "this amendatory Act of 1999"; substituted "Public Act 92-176)" for "this amendatory Act of the 92nd General Assembly"; in subd. (a)(4), substituted "subdivision" for "paragraph" following "offense enumerated in"; substituted "Public Act 91-121)" for "this amendatory Act of 1999"; inserted "(i), (ii), or (iii)"; inserted "or subdivision (a)(2)(iv) of this Section that is committed on or after the effective date of this amendatory Act of the 94th General Assembly"; inserted "July 15, 1999"; in subd. (a)(4.5), inserted "September 1, 2003"; substituted "Public Act 93-354)" for "this Amendatory Act of the 93rd General Assembly"; substituted "September 1, 2003" for "the effective date of this amendatory Act of the 93rd General Assembly"; and in subsec. (e), substituted "Public Act 90-592 or 90-593" for "this amendatory Act of 1998". Prior to being rewritten, the introductory paragraph of subd. (a)(2) read:

"The rules and regulations on early release shall provide, with respect to offenses committed on or after June 19, 1998, the following:"

P.A. 94-128, § 5, in subd. (a)(2.4), inserted "July 15, 1999 ("; substituted "Public Act 91-121)" for "this amendatory Act of 1999"; in subd. (a)(2.5), inserted "July 27, 2001 ("; substituted "Public Act 92-176)" for "this amendatory Act of the 92nd General Assembly"; in subd. (a)(3), inserted "July 15, 1999" and "July 27, 2001"; substituted "Public Act 91-121)" for "this amendatory Act of 1999"; substituted

RECEIVED OCT 13 2006 OFFICE OF INMATE ISSUES