**E-FILED**
Friday, 16 February, 2007  12:34:39 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-3009 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | The Honorable |
| Western Illinois Correctional Center, | ) | Jeanne E. Scott, |
| | ) | Judge Presiding. |
| Respondent. | ) | |

## **MOTION FOR LEAVE TO FILE MOTION TO DISMISS**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent, ROGER ZIMMERMAN, by his attorney, LISA MADIGAN, Attorney General of Illinois, respectfully moves this Court for leave to file the attached Motion to Dismiss (Exhibit G).  In support, respondent states as follows:

1.    This case involves a petition for writ of habeas corpus under 28 U.S.C. § 2254 by Antwon S. Hibbler, an inmate of the Illinois Department of Corrections.

2.    On January 18, 2007, this Court ordered respondent to answer the petition, and to discuss whether petitioner had exhausted his state remedies and/or procedurally defaulted any of his claims.

3.      Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court may allow the respondent in a habeas case to file a motion or other response instead of an answer.  *See* Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response"); *see also* Advisory Committee Notes to Rule 4, 1976 Adoption (noting that Rule 4 allows court to "authorize the respondent to make a motion to dismiss based upon information furnished by respondent" in order to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition" in cases where "a dismissal may be called for on procedural grounds"); Advisory Committee Notes to Rule 4, 2004 Amendments (noting that amended version of Rule 4 "reflects that the response to a habeas petition may be a motion"); Advisory Committee Notes to Rule 5, 2004 Amendments (noting that amended version of Rule 4 permits "the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition").

4.      Respondent has obtained state court documents that demonstrate that petitioner has failed to exhaust available state court remedies.

5.      Therefore, respondent respectfully requests leave to file the attached Motion to Dismiss (Exhibit G), List of Exhibits, and Exhibits, so that this Court can consider respondent's exhaustion defense.

February 16, 2007                          Respectfully submitted,

                                           LISA MADIGAN
                                           Attorney General of Illinois

                                    By:    s/ Michael R. Blankenheim
                                           MICHAEL R. BLANKENHEIM
                                           Assistant Attorney General
                                           100 West Randolph Street, 12th Floor
                                           Chicago, Illinois 60601
                                           Telephone: (312) 814-8826
                                           Fax: (312) 814-2253
                                           Email: mblankenheim@atg.state.il.us
                                           Atty. Reg. No. 6289072

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-3009 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | The Honorable |
| Western Illinois Correctional Center, | ) | Jeanne E. Scott, |
| | ) | Judge Presiding. |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I electronically filed respondent's MOTION FOR LEAVE TO FILE MOTION TO DISMISS with the Clerk of the United States District Court for the Central District of Illinois, Springfield Division, using the CM/ECF system; and I hereby certify that on February 16, 2007, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Antwon S. Hibbler, B45991
Western Illinois Correctional Center
R.R. 4 Box 196
Mount Sterling, Illinois 62353

LISA MADIGAN
Attorney General of Illinois

By:    s/ Michael R. Blankenheim
MICHAEL R. BLANKENHEIM
Assistant Attorney General
100 West Randolph Street - 12th Floor
Chicago, Illinois 60601
Telephone: (312) 814-8826
Fax: (312) 814-2253
Email: mblankenheim@atg.state.il.us
Atty. Reg. No. 6289072

**E-FILED**
Friday, 16 February, 2007  12:35:12 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-3009 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | The Honorable |
| Western Illinois Correctional Center, | ) | Jeanne E. Scott, |
| | ) | Judge Presiding. |
| Respondent. | ) | |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The following exhibits are being filed in this Court contemporaneously with respondent's Motion For Leave To File Motion To Dismiss:

Exhibit A:  Certified Docket Sheet, *People v. Hibbler*, 2004-CF-1537;

Exhibit B:  Order, *People v. Hibbler*, No. 2004-CF-1537 (dated July 24, 2006);

Exhibit C:  Letter from Hon. Thomas J. Difanis to Warden Zimmerman (dated July 24, 2006);

Exhibit D:  Petitioner's Letter to Adjustment Committee;

Exhibit E:  Recommendation of Prisoner Review Board (dated August 23, 2006);

Exhibit F:  Disciplinary Reduction Notification (dated September 25, 2006); and

Exhibit G:  Respondent's Motion to Dismiss Petitioner's Petition For Failure To Exhaust State Court Remedies.

February 16, 2007                          Respectfully submitted,

                                           LISA MADIGAN
                                           Attorney General of Illinois

                              By:    s/ Michael R. Blankenheim
                                     MICHAEL R. BLANKENHEIM
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601
                                     Telephone: (312) 814-8826
                                     Fax: (312) 814-2253
                                     Email: mblankenheim@atg.state.il.us
                                     Atty. Reg. No. 6289072

**E-FILED**
Friday, 16 February, 2007 12:35:58 PM
2002CF1537
Clerk, U.S. District Court, ILCD

THE PEOPLE OF THE STATE OF ILLINOIS          FILED:  8/19/2004

- VS -


ANTWON S HIBBLER

I - OTHER AMT NARCOTIC SCHED I&II
II - MFG/DEL CANNABIS/30-500 GRAMS
**************************
1 I  9/02/2004 UL POSS W/I DEL CS CLS 2 -HIBBL A
2 I  9/02/0004 UL POSS W/I DEL CANN CLS -HIBBL A

---

8/19/2004 TJD/CAM/DR
     2004 CF  1537

             RE: HIBBLER ANTWON S
             People appear by SARAH CARLSON          .
             Defendant appears personally.  Deft. arraigned.
             PUBLIC DEFENDER        is appointed and
             NANCY LIVINGSTON       appears instanter.
             Cause SET for Preliminary Hearing on  09/08/2004
             at  03:15 PM in Courtroom F.  See Expanded Record.
             Deft. is admonished he is eligible for CLASS X
             SENTENCING due to his prior record.
             Defendant admonished as to the possibility of the
             offenses not being probationable.
             Defendant admonished as to the possibility of
             EXTENDED TERM SENTENCING.
             Defendant's Bond fixed in the amount of
             $100,000.
             ROR denied.

9/02/2004 HNL/LSO/MC
     2004 CF  1537

             RE: HIBBLER ANTWON S
             Indictment returned in open Court in 02 Counts.

9/08/2004 JRK/DLE/DR
     2004 CF  1537

             RE: HIBBLER ANTWON S
             People appear by LARRY SOLAVA.
             Defendant appears in custody together with
             appointed counsel, D. Appleman on behalf

EXHIBIT A

2004  CF 1537
PAGE:    2

9/08/2004 JRK/DLE/DR
   2004 CF  1537      of the PUBLIC DEFENDER.  Deft. waives reading of
                           the Indictment, enters a plea of not guilty and
                           requests a trial by jury.  Cause set for Pre-trial
                           10/27/2004  at  02:30 PM in Courtroom A.
                           Pre-Trial Orders entered.  See ORDERS.
                           See Expanded Record.
                           Defendant's Bond to continue.
                           Defendant admonished as to the possibility of
                           EXTENDED TERM SENTENCING.

9/13/2004 CRIMINL/TV
   2004 CF  1537      DISCOVERY ON FILE.

9/29/2004 CRIMINL/EV
   2004 CF  1537      Supplemental Discovery on file.

10/08/2004 CRIMINL/TV
   2004 CF  1537      PRO SE MOTION FOR DISCOVERY PLACED ON FILE.
                           FILE FORWARDED TO JUDGE DIFANIS, OCTOBER 8, 2004.

10/15/2004 TJD/CAM
   2004 CF  1537
                           RE: HIBBLER ANTWON S
                           Defendant's pro se motion for discovery denied.
                           Copy of said motion mailed to Sarah Carlson and
                           Kevin Nolan this date.

10/27/2004 HEC/CAM/DR
   2004 CF  1537      RE: ANTWON HIBBLER
                           Appearance of the States Attorney.  Deft appears
                           by Counsel.  Motion by the Deft for
                           Continuance.
                           Motion allowed.  Trial setting for  NOVEMBER/2004
                           is vacated.  Cause reallotted for trial during the
                            DECEMBER/2004 trial term.  Cause allotted for the
                           pre-trial conference 11/17/2004 at   9:30 AM
                           in Courtroom A.

11/17/2004 TJD/CAM/DR
   2004 CF  1537      RE: ANTWON HIBBLER
                           Appearance of the States Attorney.  Deft appears
                           by Counsel.  Motion by the Deft for

2004  CF  1537
PAGE:   3

11/17/2004 TJD/CAM/DR
   2004 CF  1537     Continuance.
                        Motion allowed.  Trial setting for   DECEMBER/2004
                        is vacated.  Cause reallotted for trial during the
                         JANUARY/2005 trial term.  Cause allotted for the
                        pre-trial conference  12/29/2004  at   9:30  AM
                        in Courtroom A.

12/09/2004 CRIMINL/MC
   2004 CF  1537     SUPPLEMENTAL DISCOVERY ON FILE.

12/29/2004 TJD/CAM/DR
   2004 CF  1537     RE: ANTWON HIBBLER
                        Appearance of the States Attorney.  Deft appears
                        by Counsel.  Motion by the Deft for
                        Continuance.
                        Motion allowed.  Trial setting for JANUARY/2005
                        is vacated.  Cause reallotted for trial during the
                        FEBRUARY/2005 trial term.  Cause allotted for the
                        pre-trial conference   1/26/2005  at   9:30  AM
                        in Courtroom A.

1/04/2005 TJD/CAM
   2004 CF  1537

                        RE: HIBBLER ANTWON S
                        Correspondence received from the Defendant copied
                        to counsel, Sarah Carlson and Randall Rosenbaum,
                        this date.

1/04/2005 CRIMINL/HS
   2004 CF  1537     MOTION FOR MOTION OF DISCOVERY AND COMMON LAW
                        RECORDS, AND APPLICATION TO SUE OR DEFEND AS A
                        POOR PERSON ON FILE AND FORWARDED TO JUDGE
                        DIFANIS ON 1-5-05.  FILE COPY MAILED TO DEFENDANT.

1/05/2005 TJD/CAM
   2004 CF  1537

                        RE: HIBBLER ANTWON S
                        Defendant's pro se motion for discovery is hereby
                        denied.

1/26/2005 TJD/CAM/DR
   2004 CF  1537     RE: ANTWON HIBBLER

2004  CF  1537
PAGE:    4

1/26/2005 TJD/CAM/DR
   2004 CF  1537        Appearance of the States Attorney.  Deft appears
                        by Counsel.  Motion by the Deft for
                        Continuance.
                        Motion allowed.  Trial setting for   FEBRUARY/2005
                        is vacated.  Cause reallotted for trial during the
                            MARCH/2005 trial term.  Cause allotted for the
                        pre-trial conference   2/23/2005 at   9:30  AM
                        in Courtroom A.

2/23/2005 TJD/CAM/DR
   2004 CF  1537        RE: ANTWON HIBBLER
                        Appearance of the State's Attorney.  Defendant
                        appears by counsel.  Matter allot-
                        ted for trial during the     MARCH/2005 jury term.

3/01/2005 TJD/CAM
   2004 CF  1537
                        RE: HIBBLER ANTWON S
                        Petition for Writ of Habeas Corpus Ad Prosequendum
                        on file.  Prayer of the Petition allowed.  Writ to
                        issue returnable 03/07/2005 at 01:30 PM in
                        Courtroom A.  See ORDER.

3/07/2005 TJD/CAM/NS
   2004 CF  1537        RE: ANTWON HIBBLER
                        Cause continued for trial scheduling to  3/11/2005
                        at   1:00 PM  in Courtroom B.

3/08/2005 CRIMINL/EV
   2004 CF  1537        Motion to suppress evidence illegally seized and
                        to suppress confession on file.

3/10/2005 CRIMINL/TV
   2004 CF  1537        PRO SE CORRESPONDENCE RECEIVED AND FORWARDED TO
                        JUDGE DIFANIS THIS DATE.

3/11/2005 TJD/LSO/NS
   2004 CF  1537
                        RE: HIBBLER ANTWON S
                        Appearance of the People by Ms. Carlson.
                        Appearance of the deft. with atty. Mr. Taylor.
                        Cause is allotted for trial on 3/15/05 at 9:00

2004  CF 1537
PAGE:    5


3/11/2005 TJD/LSO/NS
   2004 CF  1537    a.m. in Courtroom C.  Deft.'s bond is to continue.


3/14/2005 TJD/CAM
   2004 CF  1537    RE: HIBBLER ANTWON S
                  Correspondence received from the Defendant copied
                  to counsel, Sarah Carlson and John Taylor, this
                  date.


3/14/2005 HNL/LSO
   2004 CF  1537

                  RE: HIBBLER ANTWON S
                  Statement of the Nature of the Case on file.
                  State's List of Exhibits on file.
                  State's List of Witnesses on file.
                  First Stipulation on file.
                  Second Stipulation on file.
                  Third Stipulation on file.
                  Fourth Stipulation on file.
                  Fifth Stipulation on file.


3/15/2005 HNL/LSO/MC
   2004 CF  1537    RE: HIBBLER ANTWON S
                  Appearance of the People by Sarah Carlson.
                  Appearance of the deft. with atty. Mr. Taylor.
                  Both sides announce ready for trial.
                  Cause called for hearing on the deft.'s Motion
                  to Suppress.  Witness sworn.  Evidence heard.
                  Arguments heard.  Motion is denied.
                  Deft. is admonished as to the nature of the
                  allegations in the informations and the possible
                  penalties.  Deft. is admonished as to the
                  possibilities of Class X sentencing.  Deft. is
                  admonished as to the possibility of extended term
                  sentencing.  Deft. is admonished as to the
                  possibility of non-probationable sentencing.
                  Cause called for hearing on the deft.'s oral
                  motion in limine.  Arguments heard.  Motion is
                  denied.
                  Jurors selected and sworn.  Opening statements
                  heard.  State presents evidence.  Trial recesses
                  for the day.  Trial to reconvene at 9:00 a.m. on
                  3/16/05 in Courtroom C.

2004  CF 1537
PAGE:  6


3/16/2005 HNL/LSO/MC
   2004 CF  1537
3/16/2005 HNL/LSO/MC
   2004 CF  1537

                  RE: HIBBLER ANTWON S
                  Appearance of the People by Ms. Carlson.
                  Appearance of the deft. with atty. Mr. Taylor.
                  Trial resumes.  Motion by the deft. for Mis-Trial.
                  Arguments heard.  Motion is allowed.  Court
                  declares a mistrial.
                  Cause is re-allotted for pre-trial on 3/23/05 at
                  9:30 a.m. in Courtroom A.
                  Deft.'s bond is to continue.
                  Deft. is remanded to the custody of the Sheriff.
                  Jurors are excused.


3/23/2005 TJD/SEC/DR
   2004 CF  1537       RE: ANTWON HIBBLER
                  Appearance of the State's Attorney.  Suggestion
                  that the Defendant is in custody.  Appearance of
                  counsel for the defendant.  Matter allotted for
                  trial during the       APRIL/2005  jury term.


4/04/2005 TJD/CAM/JM
   2004 CF  1537       RE: ANTWON HIBBLER
                  Appearance of the People by  STATE'S ATTORNEY.
                  Appearance of counsel for Defendant.  Defendant
                  is in custody and does not appear personally.
                  Cause allotted for trial to commence   4/05/2005
                  at   9:00 AM  in Courtroom B  before the
                  Honorable T. J. Difanis        .


4/05/2005 TJD/CAM/TC
   2004 CF  1537

                  RE: HIBBLER ANTWON S
                  Appearance of the People by Sarah Carlson.
                  Appearance of the Defendant personally and by
                  counsel, John Taylor. Cause called for jury trial.
                  Defendant is admonished as to the charges and the
                  possible penalties and understands the same.
                  Deft. is also admonished that he is eligible for
                  sentencing as a Class X felon and for extended-
                  term sentencing due to his past record.

2004  CF  1537
PAGE:    7

4/05/2005 TJD/CAM/TC
  2004 CF  1537

Court notes the Statement of the Nature of the
Case and List of Witnesses placed on file pre-
viously.  State's List of Exhibits placed on file
this date without objection by the Defendant.
Parties' stipulation placed on file this date.
Jury panel of 12 plus 1 alternate selected and
sworn.  Opening statements presented by counsel.
Sworn testimony presented on behalf of the People.
The People rest.  Motion for directed verdict.
Motion is denied.  Sworn testimony presented on
behalf of the Defendant.  The Defense rests.
Motion for directed verdict.  Motion is denied.
Jury instruction conference held out of the
presence of the Jury.
Jury trial recessed to be reconvened at 9:00 a.m.
tomorrow, April 6, 2005, in Courtroom B for
closing arguments.

4/06/2005 TJD/CAM/TC
  2004 CF  1537

RE: HIBBLER ANTWON S
Appearance of the People by SARAH CARLSON
Appearance of the Defendant personally and by
counsel, JOHN TAYLOR.  Jury trial resumed.
Closing arguments presented by counsel.  The Jury
is instructed as to the law and evidence and
retires to deliberate.

LATER--The Jury returns into open court with the
following verdicts:  "We, the jury, find the
defendant Antwon Hibbler guilty of Unlawful
Possession with Intent to Deliver a Controlled
Substance." (Class 2 Felony, Count 1)
"We, the jury, find the defendant Antwon
Hibbler guilty of Unlawful Possession with
Intent to Deliver Cannabis." (Class 3 Felony,
Count 2)
Judgment on the verdicts in favor of the People
and against the Defendant and for costs.  Hearing
on post-trial motions, if any there be, and for
sentencing, if reached, allotted for May 20, 2005

2004  CF 1537
PAGE:   8

4/06/2005 TJD/CAM/TC
    2004 CF  1537        at 1:30 p.m. in Courtroom B.

                        Motion by the People to revoke Defendant's bond.
                        Defendant ordered held without bond pending
                        further hearing in this matter.

4/25/2005 CRIMINL/SP
    2004 CF  1537        POST TRIAL MOTION ON FILE.

4/29/2005 CRIMINL/TV
    2004 CF  1537        PRESENTENCE REPORT PLACED ON FILE.    FILE
                        FORWARDED TO JUDGE DIFANIS THIS DATE.

5/20/2005 TJD/CAM/MC
    2004 CF  1537
                        RE: HIBBLER ANTWON S
                        Appearance of the People by SARAH CARLSON
                        Appearance of the defendant personally and by
                        counsel, JOHN TAYLOR.  Cause called for hearing
                        on Defendant's post-trial motion.  Post-trial
                        motion is denied.
                        Cause called for sentencing hearing.  Witness
                        sworn. Evidence heard. Statements of counsel
                        heard. Defendant is admonished he is being
                        sentenced as a Class X felon due to his prior
                        record.

                        RE: HIBBLER ANTWON S
                        Defendant sentenced to Illinois Department of
                        Corrections for a period of 10  YEARS on Count 1
                        and a CONCURRENT period of 3 YEARS on Count 2.
                        Dfendant is entitled to received credit for
                        275 days heretofore served.
                        Based upon time served in custody, Deft.'s
                        mandatory assessment of $1,000 is paid in full.
                        Judgment - Sentence to Illinois Department of
                        Corrections on file.

                        Defendant remanded to the custody of the Sheriff
                        for transportation to Department of Corrections.
                        Defendant advised of right to Appeal and rights
                        pursuant to Supreme Court Rule 605 and the Court

2004  CF  1537
PAGE:    9

5/20/2005 TJD/CAM/MC
   2004 CF  1537        finds that the defendant understands the same.
                        Bond of the defendant, if any, is discharged to be
                        applied toward any fine, costs or restitution.

5/27/2005 CRIMINL/TV
   2004 CF  1537        MOTION TO REDUCE SENTENCE ON FILE.

6/22/2005 CRIMINL/MH
   2004 CF  1537        Statement of State's Attorney on file.

6/22/2005 CRIMINL/TV
   2004 CF  1537        PRO SE MOTION FOR TRIAL TRANSCRIPTS AND COMMON
                        LAW RECORDS, APPLICATION TO SUE OR DEFEND AS A
                        POOR PERSON.
                        NOTICE OF APPEAL PLACED ON FILE.
                        FILE FORWARDED TO JUDGE DIFANIS, JUNE 23, 2005.

6/22/2005 TJD/CAM
   2004 CF  1537
                        RE: HIBBLER ANTWON S
                        Office of the Circuit Clerk is to prepare and file
                        a Notice of Appeal.  Office of the State Appellate
                        Defender appointed to represent the defendant on
                        the appeal.  Office of the Circuit Clerk is to
                        notify the State Appellate Defender of their
                        appointment.

6/24/2005 TJD/CAM
   2004 CF  1537
                        RE: HIBBLER ANTWON S
                        Defendant's motion for transcripts is DENIED.

6/28/2005 CRIMINL/TV
   2004 CF  1537        NOTICE OF APPEAL SENT TO ALL PARTIES INVOLVED
                        THIS DATE.

9/22/2005 CRIMINL/TV
   2004 CF  1537        PRO SE LETTER OF NOTIFICATION SEEKING OFFICIAL
                        CASE STATUS REPORT ON MOTION TO REDUCE SENTENCE
                        PLACED ON FILE.
                        FILE FORWARDED TO JUDGE DIFANIS, SEPT. 22, 2005.

9/28/2005 CRIMINL/MH

2004  CF 1537
PAGE:  10

9/28/2005 CRIMINL/MH
**2004 CF   1537**          MANDATE from the Appellate Court on file.  Order
on Appellant's Motion to Dismiss Appeal is
allowed.

10/17/2005 TJD/CAM
2004 CF   1537

RE: HIBBLER ANTWON S
Cause allotted for hearing on the Defendant's
Motion to Reduce Sentence filed 5/27/05 on
11/18/05 at 1:15 p.m. in Courtroom B.  Mr. Taylor
to prepare writ for Defendant's return.  Parties
notified by mailing this date of hearing allotment

10/26/2005 TJD/CAM
2004 CF   1537

RE: HIBBLER ANTWON S
Petition for Writ of Habeas Corpus Ad Prosequendum
on file.  Prayer of the Petition allowed.  Writ to
issue returnable 11/18/2005 at 01:15 PM in
Courtroom B.  See ORDER.

11/18/2005 TJD/SEC/NS
2004 CF   1537

RE: HIBBLER ANTWON S
Appearance of the People by S. Carlson.
Defendant appears personally, in the custody of
DOC, and with J. Taylor. Cause appears from
a mandate from the Appellate Court. Cause cause
for hearing on Defendant's Motion to Reduce
Sentence. Statements of counsel heard. Motion
is denied.
Office of the Circuit Court is to prepare and file
a Notice of Appeal. Office of the State Appellate
Defender is appointed to represent the Defendant
on the appeal. Office of the Circuit Clerk is to
notify the State Appellate Defender of their
appointment.
Defendant remanded back to the custody of DOC.

11/22/2005 CRIMINL/MH
2004 CF   1537          Notice of Appeal sent to all parties involved
this date.

2004   CF 1537
PAGE:  11

11/30/2005 TJD/CAM/TC
        2004 CF   1537
11/30/2005 TJD/CAM/TC
        2004 CF   1537
                        RE: HIBBLER ANTWON S
                        The Defendant's request for an order directing the
                        Department of Corrections to provide the Defendant
                        with more "library time" is denied.  Copy of entry
                        mailed to Defendant this date.

12/05/2005 CRIMINL/MH
        2004 CF   1537  Pro Se Letter of Notification Seeking Official
                        Case Status Report placed on file and forwarded to
                        Judge Difanis this date.

12/05/2005 TJD/CAM
        2004 CF   1537
                        RE: HIBBLER ANTWON S
                        CIRCUIT CLERK IS DIRECTED TO SEND COPY OF DOCKET
                        SHEETS TO DEFENDANT.

 7/06/2006 JRK/SEA
        2004 CF   1537  Court notes the Motion for Release and Return of
                        Property on file. Order entered. SEE ORDER.

 7/20/2006 CRIMINL/CS
        2004 CF   1537  PETITION FOR POST JUDGEMENT RELIEF AND MOTION TO
                        PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL
                        ON FILE AND FORWARDED TO JUDGE DIFANIS THIS DATE.

 7/24/2006 TJD/SEC
        2004 CF   1537
                        RE: HIBBLER ANTWON S
                        Petition for Post Judgment Relief is denied.
                        Written Order entered. SEE ORDER. Copy mailed
                        to Defendant this date.

 8/23/2006 TJD/SEC
        2004 CF   1537
                        RE: HIBBLER ANTWON S
                        Correspondence received from Defendant requesting
                        additional time to prepare a Motion to Reconsider.

2004  CF  1537
PAGE:  12

8/23/2006 TJD/SEC
    2004 CF   1537        Defendant's request is DENIED. Copy of docket
                          entry mailed to Defendant.

10/27/2006 JRK/ADK
    2004 CF   1537        The Circuit Clerk is ordered to photocopy/
                          photograph the items in evidence forfieted on
                          7/6/06 and return the items to the Urbana Police
                          Department. Amended Order entered this date.
                          SEE ORDER.

I, LINDA S. FRANK, Clerk of the Circuit Court
in and for the County of Champaign, State of
Illinois, do hereby certify that the foregoing
is a true, correct and complete copy of the
instrument as it appears of record and on file

in my said office, this _5_ day of _Feb_ A.D.,

20 _07_.                    _____
                            Clerk of the Circuit Court
                            Champaign County, Illinois

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )          Case No. 2004-CF-1537
                                          )
ANTWON S. HIBBLER,                        )
                                          )
        Defendant.                        )

## ORDER

The Defendant has filed on July 20, 2006, a Petition for Post-Judgment Release. He claims that after trial he was sentenced to 10 years incarceration in the Illinois Department of Corrections. Since he was sentenced as a Class X offender, a period of mandatory supervised release was imposed pursuant to 730 ILCS 5/5-8-1(d). Throughout the Defendant's petition he cites cases that dealt with defendants who pled guilty and were not properly admonished concerning MSR. Although the Defendant doesn't cite *People v. Whitfield*, 217 Ill.2 177, his petition has all of the references as set forth in that Illinois Supreme Court decision.

A period of MSR is mandated by statute. The Defendant's sentence required a 3-year period of MSR. His 5/2-1401 petition is frivolous and patently without merit and is therefore ordered dismissed.

Date: _____7/24/06_____                   _____
                                          Thomas J. Difanis
                                          Circuit Judge

RECEIVED
JUL 2 8 2006
WESTERN ILL. CORR. CENTER
WARDEN'S OFFICE

EXHIBIT B

**E-FILED**
Friday, 16 February, 2007 12:36:43 PM
Clerk, U.S. District Court, ILCD

## Thomas J. Difanis

Circuit Judge
Room 341A
Courthouse
101 East Main Street
Urbana, Illinois 61801

Sixth Judicial Circuit
Champaign County

Telephone (217) 384-3704
Fax (217) 384-8424

July 24, 2006

Warden Roger Zimmerman
Western Illinois Correctional Center
R.R. 4 Box 196
Mount Sterling, IL 62353

Re: Antwon Hibbler
B 45991

Dear Warden Zimmerman:

Enclosed please find an order on Mr. Hibbler's 5/2-1401 petition which was determined to be frivolous and patently without merit. I am informing you of this pursuant to 730 ILCS 5/3-6-3(d) regarding his good conduct credits.

Very truly yours,

Thomas J. Difanis
Presiding Judge

TJD/sh

Enclosure

JUL 2 8 2006

We

RECEIVED
JUL 2 8 2006
WESTERN ILL CORR CENTER
WARDEN'S OFFICE

EXHIBIT C

01/26/2007 09:33 2177733899 Page 1 of 1
3:07-cv-03009-JES # 5-6

PAGE 10/11
E-FILED
Friday, 16 February, 2007 12:36:56 PM
Clerk, U.S. District Court, ILCD

TO: Adjustment Committee

From: Antwon Hibbler# 845991


Written Statement

The offender plea is not guilty

I never filed a lawsuit against
no body and the matter I sent
before the courts were dealing with
my criminal case and was not "frivolous"
xcause there was merit and the matter
is being appealed to the appellant court.
Furthermore, this allege Frivolous form is available in
the law library to all inmates. The offender
feels this is a retaliation move for grievances
he wrote because others used this form and didt get cited
for it.

Respectfully Summitted
Antwon Hibbler #845991


EXHIBIT D

Recommendation from: __Western IL Corr. Cntr.__ ____  Deputy Dir.: ____
(Institution)                                            (Juv./CSD Div.)        ☐ Disapprove
                                                                                ☐ Approve
                                                                                ☐ Refused      (Amount)

Name: __Hibbler, Antwon__ ____  Register No. __R45991__ ____  Date Request Submitted: __8-16-06__

Present Location: __Western IL Corr. Cntr.__ ____  Committed Person's MSR: ____  8/15/09

Good Conduct Credits                          Statutory Good Time                  ☐ Minimum Sentence
☒ Revoke      ☐ Restore                       ☐ Revoke      ☐ Restore             ☐ Maximum Sentence

                                              Report Date(s)
                                              504A/504B/504C Violation:            Violation Numbers
☒ Recommended Amount of Revocation            DR  __7/31/06__ ____  NO. __212__
___6 mo___                                     DR  _____  NO. _____

                                              Report Date(s)
                                              504A/504B/504C Violation:            Violation Numbers
☐ Recommended Amount of Restoration           DR  _____  NO. _____
                                              DR  _____  NO. _____

Description of Offense: __frivolous lawsuit__

Committed Person has had ___0___ of GCC/SGT revoked within last 12 months.        **RECEIVED**
Committed Person has had ___0___ of GCC/SGT restored within last 12 months.
                                                                                  AUG 23 2006
Other Recommendations Pending:  ☒No                                               OFFICE OF
   Dates of Revocation(s) Pending and Amounts  ☐ Yes                              INMATE ISSUES
                                               Dates of Restoration(s) Pending and Amounts

*********************************************************************************
                                  IDOC ACTION

☐ One (1) Month or Under        ☒ Over One (1) Month

The following recommendation has been reviewed to determine compliance with Department of Corrections Rules.

*********************************************************************************
☐ Remand _____  Date _____  Designee _____  Resubmission: _____  Date _____

Recommendation for   RESTORATION / REVOCATION  of __3 months (reduced)__
of Good Conduct Credit/Statutory Good Time   APPROVED / DISAPPROVED

                        ADDITIONAL COMMENTS OR INSTRUCTIONS

__Roger E. Walker Jr.__  BPA    __8/24/06__
       Director                    Date

*********************************************************************************
                           PRISONER REVIEW BOARD ACTION

Hearing/Review Date: __9/19/06__                          ☐ Continuance

Comments: __Judge's ruling__

Board Action:   REVOCATION / RESTORATION   ☒ Approved  ☐ Denied  ☐ Reduced _____

                                              Amount Approved          Date

__signature__              __signature__          __signature__
   Signature                 Signature              Signature
*********************************************************************************

Recommendation for RESTORATION / REVOCATION of __3 MOS__  APPROVED / DISAPPROVED. Please proceed accordingly
with adjusting the incarceration person's records.
__Roger E. Walker__                __9/21/06__
       Director                       Date

Master Record File
Director
Prisoner Review Board (2)
General Office File                                          DCA 3588 (3/93)
Miscellaneous Copies                                        IL 426-16509

                              EXHIBIT E

E-FILED
Friday, 16 February, 2007  12:37:30 PM
Clerk, U.S. District Court, ILCD



### State of Illinois
### Illinois Department of Corrections
### Disciplinary Reduction Notification

## MEMORANDUM

**Date:** 9/25/2006

**To:** B45991 - HIBBLER, ANTWON          WIL-02-D-12

**From:** Western Illinois Correctional Center Records Office

**Subject:** Disciplinary Time Reduction

The following action has been taken on incident 200602215 / 1 - WIL heard on 08/08/2006 at Western Illinois Correctional Center.

**Date Submitted:**  08/15/2006          **Date Approved/Disapproved:**  08/24/2006

**Recommended From:**  Western Illinois Correctional Center

**Reduction Authorized By:**  Director's Office

**Offenses:**

212 - Frivolous Lawsuit

| Action Taken | Type of Discipline | Original Amount | Adjusted To |
|---|---|---|---|
| Approved | Good Conduct Credit | 6 Months | 3 Months |

**Comments:**

**ROGER A ZIMMERMAN, Warden**

EXHIBIT F

**E-FILED**
Friday, 16 February, 2007  12:39:30 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

---

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-3009 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | The Honorable |
| Western Illinois Correctional Center, | ) | Jeanne E. Scott, |
| | ) | Judge Presiding. |
| Respondent. | ) | |

---

## **MOTION TO DISMISS**

Pursuant to 28 U.S.C. 2254(b)(1), Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts,[1] and this Court's order, dated January

18, 2007, respondent, ROGER ZIMMERMAN, by his attorney, LISA MADIGAN, Attorney

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response."  In this vein, the Committee Notes explain that where a "dismissal may be called for on procedural grounds," such as for failure to exhaust state court remedies, a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition."  Advisory Committee Notes to Rule 4, 1976 Adoption.  This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion").  *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

General of Illinois, respectfully moves this Court to dismiss the instant petition for writ of habeas corpus based on petitioner's failure to exhaust available state court remedies. In support, respondent states as follows:

1.    Petitioner, Antwon S. Hibbler, is incarcerated at the Western Illinois Correctional Center in Mount Sterling, Illinois. Petitioner's prison identification number is B45991.

2.    On April 6, 2005, following a jury trial in the Circuit Court of Champaign County, petitioner was convicted of one count of unlawful possession of a controlled substance with intent to deliver and one count of unlawful possession of cannabis with intent to deliver. *See* Certified Docket Sheet, *People v. Hibbler*, 2004-CF-1537 at 7 (Exhibit A). Petitioner was sentenced to concurrent terms of ten years' and three years' imprisonment, respectively. *Id.* at 8.

3.    Petitioner filed a notice of appeal on June 22, 2005. *Id.* at 9. However, petitioner's appeal of his judgment of conviction and sentence was dismissed on his own motion on September 28, 2005. *Id.* at 10.

4.    On July 31, 2006, petitioner was cited in an Illinois Department of Corrections ("IDOC") disciplinary report for a violation of offense 212, filing a frivolous lawsuit. *See* IDOC Disciplinary Report.[2]

---

[2]  The Disciplinary Report is attached to petitioner's petition; it immediately precedes petitioner's Exhibit A-1.

-2-

5.    The disciplinary report stemmed from petitioner's filing, on July 26, 2006, in the Circuit Court of Champaign County, of a petition for relief from judgment.  *See* 735 ILCS 5/2-1401; *see also* Exhibit A; Pet. Exhibit A-1.  In that filing, petitioner alleged that he was not properly admonished concerning the three-year mandatory supervised release period imposed on his Class X felony conviction for possession of a controlled substance with intent to distribute.  The state trial court dismissed petitioner's 2-1401 petition as frivolous and patently without merit, and subsequently notified respondent of the court's determination.  Order, *People v. Hibbler*, No. 2004-CF-1537 (dated July 24, 2006) (Exhibit B); Letter from Hon. Thomas J. Difanis to Warden Zimmerman (dated July 24, 2006) (Exhibit C).

6.    On August 8, 2006, the IDOC Adjustment Committee held a hearing on the disciplinary report.  Pet. Exhibit A-1.  By statute, IDOC officials may revoke good conduct credits from an inmate who has filed a "lawsuit" that has been determined to be "frivolous."  *See* 730 ILCS 5/3-6-3(d).  Petitioner pleaded not guilty and submitted a written statement at the time of the hearing.  *See id; see also* Petitioner's Letter to Adjustment Committee (Exhibit D).  At the conclusion of the hearing, the Adjustment Committee recommended that six months of petitioner's good conduct credits be revoked.  Pet. Exhibit A-1.  The committee found that petitioner had filed a frivolous lawsuit in violation of 730 ILCS 5/3-6-3(d).  *Id.*

7.    On August 27, 2006, petitioner submitted an Offender's Grievance that challenged the Adjustment Committee's actions.  Pet. Exhibit B.  Specifically, petitioner argued that he was entitled to have his good conduct credits restored because a petition for relief for judgment does not constitute a "lawsuit" as that term is defined in 730 ILCS 5/3-6-3(d)(2).  *Id.*

8.    On September 11, 2006, a grievance officer's report was issued with the recommendation that petitioner's grievance be partially upheld.  *See* Grievance Officer's Report.[3]  The Report ordered that the Adjustment Committee summary be rewritten to reflect its rationales for finding petitioner guilty.  *Id.*

9.    Petitioner appealed the partial denial of his grievance to the Director of IDOC.  Pet. at 3.  On October 31, 2006, petitioner's appeal was denied.  *Id.*

10.   Before petitioner submitted his written grievance, the Prisoner Review Board recommended that three months — rather than six months — of petitioner's good conduct credits be restored.  *See* Recommendation of Prisoner Review Board (dated August 23, 2006) (Exhibit E).  The Director of IDOC approved the three-month revocation on August 24, 2006.  *Id.*  Petitioner was advised of this adjustment on September 25, 2006.  *See* Disciplinary Reduction Notification (Exhibit F).

11.   On January 17, 2007, this Court filed petitioner's petition for writ of habeas corpus.  The instant petition raises three claims for relief:

---

[3] The Grievance Officer's Report is attached to petitioner's petition, and follows petitioner's Exhibit B.

(1)     petitioner was denied due process when prison officials revoked three months of good conduct credit based on his filing of a frivolous 2-1401 petition because a petition for relief from judgment is not a "lawsuit" within the meaning of 730 ILCS 5/3-6-3(d);

(2)     petitioner was denied due process because he was not permitted to present evidence at the hearing on the disciplinary report; and

(3)     petitioner was denied due process because no evidence supported the disciplinary committee's conclusion that petitioner was guilty of filing a frivolous lawsuit.

Pet. at 5.

12.     On January 18, 2007, this Court ordered respondent to respond to the instant petition.

13.     The following documents relating to petitioner's challenge to the revocation of his good conduct credits were previously filed with this Court and attached as exhibits to respondent's Motion For Leave To File Motion To Dismiss:

Exhibit A:     Certified Docket Sheet, *People v. Hibbler*, 2004-CF-1537;

Exhibit B:     Order, *People v. Hibbler*, No. 2004-CF-1537 (dated July 24, 2006);

Exhibit C:     Letter from Hon. Thomas J. Difanis to Warden Zimmerman (dated July 24, 2006);

Exhibit D:     Petitioner's Letter to Adjustment Committee;

Exhibit E:     Recommendation of Prisoner Review Board (dated August 23, 2006); and

Exhibit F:     Disciplinary Reduction Notification (dated September 25, 2006).

14.     Petitioner's petition for writ of habeas corpsu should be dismissed without prejudice because he has failed to exhaust available state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).  Section 2254(b) provides as follows:

-5-

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

 (A) the applicant has exhausted the remedies available in the courts of the State; or

 (B)(i) there is an absence of available State corrective process; or

 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

15.     A state prisoner is entitled to federal habeas corpus relief only when he has exhausted all available state court remedies and fairly presented his constitutional claims to the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002); *see also* 28 U.S.C. § 2254(b). Exhaustion serves the purpose of furthering federal-state comity interests by giving state courts the first opportunity to address and correct potential violations of a petitioner's federal constitutional rights. *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's [*sic*] federal rights.").

-6-

16.     In order to exhaust his administrative remedies, a petitioner must follow the state statutory framework and take all of the available administrative steps before seeking judicial review of his claims. *Thomas v. McCaughtry*, 201 F.3d 995, 1001 (7th Cir. 2000). When the administrative scheme affords no further forum in which relief may be obtained, the petitioner must fairly present his constitutional claims to each appropriate state court before seeking relief in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Boerckel*, 526 U.S. at 845; *Momient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). Thus, it is only where a petitioner has previously presented the constitutional issue at every level of administrative and state court review, including the highest state court, for a decision on the merits, or where he has no further means of obtaining review in state court, that a habeas petitioner's state court remedies have been exhausted. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

17.     State prisoners challenging the deprivation of good conduct credits must exhaust adequate and available state remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001) (per curiam). In Illinois, a prisoner wishing to contest the revocation of good conduct credits in a constitutionally-infirm disciplinary hearing must proceed through two levels of administrative review. *See* 20 Ill. Adm.Code §§ 504.810-504.870. First, a prisoner must file a written grievance with a grievance

-7-

officer.    20 Ill. Adm.Code § 504.810(a),(b).  If the written grievance process proves unsatisfactory, the prisoner must further appeal to the Director of IDOC to determine whether a hearing before an Administrative Review Board is warranted. 20 Ill. Adm.Code § 504.850(b).

18.    Once an Illinois prisoner challenging the loss of good conduct credits has exhausted his administrative remedies, he must proceed to the appropriate Illinois circuit court and file a complaint for an order of mandamus.  *See Rogers v. Prisoner Review Bd.*, 537 N.E.2d 1106, 1107 (Ill.App. 3d Dist. 1989); *see also Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982).  In Illinois, mandamus "is the appropriate means to compel public officials to comply with statutory or constitutional duties."  *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984) (citing *Tedder v. Fairman*, 418 N.E.2d 91 (Ill.App. 4th Dist. 1981)).  An inmate who is dissatisfied with the result of the circuit court proceedings must invoke one complete round of the normal appellate review process, including seeking discretionary review before the Illinois Supreme Court, before proceeding to federal court.  *Boerckel*, 526 U.S. at 845-46; *McAtee*, 250 F.3d at 508-09.

19.    Although petitioner has exhausted his administrative remedies, he has not yet invoked available state court remedies.  Before petitioner can ask a federal habeas court to review the revocation of good conduct credits, he must first file a complaint for an order of mandamus in the appropriate Illinois circuit court.

-8-

*McAtee*, 250 F.3d at 508. The certified docket sheet from *People v. Hibbler*, No.

2004-CF-1537, in the Circuit Court of Champaign County, does not indicate that

petitioner has filed a complaint for an order of mandamus in that court. Moreover,

respondent has verified with the Clerk of the Circuit Court of Brown County[4] that

petitioner has not initiated a suit for an order of mandamus in that court.

20.    Furthermore, should petitioner be dissatisfied with an adverse

mandamus decision in the circuit court, he must appeal that decision to the Illinois

Appellate Court and, if necessary, seek leave to appeal in the Illinois Supreme

Court, before he may attempt to secure a writ of habeas corpus from a federal court.

*Boerckel*, 526 U.S. at 845-46; *McAtee*, 250 F.3d at 508-09. Because petitioner has

failed to initiate and complete this process, his petition for writ of habeas corpus

should be dismissed, without prejudice, for failure to exhaust available state court

remedies.

21.    Exhaustion of state remedies is not required where "there is an

absence of available state corrective process," or where "circumstances exist that

render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1)(B)(i)-(ii). As explained above, petitioner may file a complaint

seeking an order of mandamus to correct any alleged constitutional defects in the

disciplinary action taken against him. Moreover, this process is effective. *See, e.g.,*

*Shea v. Edwards*, 581 N.E.2d 822, 823-24 (Ill.App. 3d Dist. 1991) (ordering IDOC

---

[4] Western Illinois Correctional Center is located in Mount Sterling, Illinois,
which, in turn, is located within Brown County.

officials to either conduct a rehearing on prisoner's claims or restore his good

conduct credits in a mandamus proceeding brought by prisoner).  In the instant

case, petitioner has not raised any exception to the exhaustion requirement, and

none apply.

22.    Finally, this Court should not stay petitioner's habeas petition.

District courts have discretion to stay unexhausted habeas petitions.  *Rhines v.*

*Weber*, 544 U.S. 269, 276 (2005).  But because the stay-and-abeyance procedure has

the potential to frustrate the Antiterrorism and Effective Death Penalty Act's twin

purposes of reducing delay and furthering the finality of state court judgments, a

stay should only be granted in the limited circumstances where petitioner can

demonstrate that: (1) he had good cause for his failure to exhaust his claims in state

court; (2) his unexhausted claims are potentially meritorious; and (3) there is no

indication that petitioner has engaged in intentionally dilatory litigation tactics.

*See id.* at 277-78.  In other words, the Supreme Court has recently shown its

preference that stays be implemented less frequently than the Seventh Circuit had

previously endorsed.  *Compare Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002)

*with Rhines*, 544 U.S. at 277.

23.    Petitioner does not allege — much less establish — good cause for

his failure to exhaust his state court remedies before coming to federal court.

Therefore, this Court should dismiss the instant petition without prejudice for

-10-

failure to exhaust, rather than stay the petition, because of the potential for a remedy in the state courts. *See Coleman*, 501 U.S. at 731.

22.     Should this Court dismiss the present federal habeas petition, respondent intends to assert all available defenses to any future petition filed by petitioner upon conclusion of his state court proceedings. Although the Seventh Circuit held in *Cox v. McBride*, 279 F.3d 492, 493-94 (7th Cir. 2002), that AEDPA's limitations period is inapplicable to habeas petitions challenging the actions of prison disciplinary boards, respondent would, if proper, assert § 2244(d)(1)'s time-bar in order to preserve that argument.

## <u>CONCLUSION</u>

WHEREFORE, based on the foregoing, respondent respectfully requests that this Court dismiss the instant petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies. Should this Court deny this Motion to Dismiss, respondent respectfully requests 30 days from the Court's order denying this Motion to address the merits and/or procedural defaults of the claims in a subsequent submission.

February 16, 2007                    Respectfully submitted,

                                     LISA MADIGAN
                                     Attorney General of Illinois

                         By:    <u>s/ Michael R. Blankenheim</u>
                                MICHAEL R. BLANKENHEIM
                                Assistant Attorney General
                                100 West Randolph Street, 12th Floor
                                Chicago, Illinois 60601
                                Telephone: (312) 814-8826
                                Fax: (312) 814-2253
                                Email: mblankenheim@atg.state.il.us
                                Atty. Reg. No. 6289072

-12-

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

---

ANTWON S. HIBBLER,                    )
                                      )
          Petitioner,                 )
                                      )
          v.                          )          No. 07-3009
                                      )
ROGER ZIMMERMAN, Warden,              )          The Honorable
  Western Illinois Correctional Center,)         Jeanne E. Scott,
                                      )          Judge Presiding.
          Respondent.                 )

---

## CERTIFICATE OF SERVICE

I hereby certify that on February16, 2007, I electronically filed respondent's MOTION TO DISMISS with the Clerk of the United States District Court for the Central District of Illinois, Springfield Division, using the CM/ECF system; and I hereby certify that on February 16, 2007, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Antwon S. Hibbler, B45991
Western Illinois Correctional Center
R.R. 4 Box 196
Mount Sterling, Illinois 62353.

LISA MADIGAN
Attorney General of Illinois

By:     s/ Michael R. Blankenheim
        MICHAEL R. BLANKENHEIM
        Assistant Attorney General
        100 West Randolph Street, 12th Floor
        Chicago, Illinois 60601
        Telephone: (312) 814-8826
        Fax: (312) 814-2253
        Email: mblankenheim@atg.state.il.us
        Atty. Reg. No. 6289072